**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01777-RM-BNB

YIDAM, LTD., a Colorado partnership,

      Plaintiff,

v.

ANIL DIWAN, an individual residing in the State of Connecticut, individually and in his
Capacity as an officer of the Nominal Defendant; and EUGENE SEYMOUR, an individual
residing in the State of Colorado, individually and in his capacity as an officer of the Nominal
Defendant,

      Defendants/Counter-Plaintiffs,

NANOVIRICIDES, INC., a Nevada corporation,

      Nominal Defendant.

---

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

---

      Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure

and the <u>Colorado River</u> Doctrine, the purported Nominal Defendant, NANOVIRICIDES, INC., a

Nevada corporation ("NanoViricides"), and the individual Defendants ANIL DIWAN ("Diwan")

and EUGENE SEYMOUR ("Seymour") move this Court for an Order dismissing the Complaint

filed by plaintiff YIDAM, LTD. ("Yidam" or "Plaintiff").

## INTRODUCTION

      The Complaint must be dismissed since the Court lacks subject matter jurisdiction over

the claims, the Court lacks personal jurisdiction over the parties, and this Court is an improper

venue.  Judge Brimmer of this Court previously dismissed this action for lack of subject matter

1

jurisdiction, and Plaintiff has failed to cure this defect.  Furthermore, this case is duplicative of prior filed and pending actions in Nevada state court, and create the significant risk of conflicting adjudications between the two courts.  Thus, pursuant to the <u>Colorado River</u> Doctrine, this action must be dismissed or stayed in favor of the pending, earlier-filed and long-pending Nevada action.

## PROCEDURAL BACKGROUND

The present duplicative and vexatious lawsuit has been brought by Plaintiff (a minority shareholder owning less than one percent of NanoViricides's outstanding shares), in addition to nearly identical causes of action were withdrawn or dismissed in a series of lawsuits between the same parties, stretching over a period of more than a year and a half in Nevada State Court (the "Nevada Actions").  As in the Nevada Actions, the present Complaint alleges breach of fiduciary duty, and seeks an accounting, declaratory relief, and the production of certain documents under Nevada Revised Statutes 78.108.  <u>See</u> Complaint at pgs. 39-43.  The claims sound in Nevada law and are nearly identical to the claims raised in the Nevada Actions.

Prior to the present filing, Plaintiff initiated two parallel lawsuits in Nevada State Court against the same Defendants.  On January 9, 2012, Plaintiff filed its first shareholder derivative action in Nevada State Court (Case No. A-12-654437-B) ("First Action"), which was dismissed after the Defendants challenged the suit for failure to state a claim upon which relief could be granted.  (<u>See</u> Complaint in First Action attached as <u>Ex. A</u> and Defendants' Motion to Dismiss attached as <u>Ex. B</u>.)

The second action in Nevada State Court (Case No. A-12-659535-B) ("Second Action") was brought by Plaintiff on April 5, 2012, against the same Defendants to compel NanoViricides

2

"to make available books and records for inspection and copying."  (See Complaint attached as Ex. C.)  The Defendants moved to dismiss the Second Action on lack of standing.  (See Motion to Dismiss attached as Ex. D.)  The Nevada court ordered Plaintiff to file an amended complaint to re-plead facts which would demonstrate that Plaintiff had standing.  (See First Amended Complaint attached as Ex. E.)  Defendants moved to dismiss the First Amended Complaint for the same reasons contained in its previous motion to dismiss.  (See Ex. F.)  In response, Plaintiff moved to amend again and filed its Second Amended Complaint on September 17, 2012, a copy of which is attached as Ex. G.

Plaintiff's Second Amended Complaint, like the Complaint in this action, demanded inspection of certain corporate records, sought injunctive relief and an accounting, and alleged breach of fiduciary duty.  Defendants moved to dismiss the Second Amended Complaint.  (See Ex. H.)  Prior to ruling, the Nevada State Court offered Plaintiff an opportunity to amended its pleading yet again in a manner which would have given that court personal jurisdiction over the individual defendants, by including an affirmative allegation that the individual directors caused a harm to NanoViricides or its shareholders.  Plaintiff declined.  Its Second Amended Complaint was therefore dismissed in its entirety as to Defendants Eugene Seymour and Anil Diwan.  The third and fourth causes of action (for Breach of Fiduciary Duty and to compel an Accounting) were dismissed in their entirety, and the second cause of action (for Injunctive Relief) was dismissed to the extent that it sought injunctive relief other than to compel documents which were the subject of the first cause of action.  A copy of the court's order is attached as Ex. I.  Thus, at the Plaintiff's own election, the only remaining cause of action contained in the Plaintiff's Second Amended Complaint pertains to inspection of corporate documents.

3

The Second Nevada Action is still ongoing.  NanoViricides has moved to strike allegations contained in the Second Amended Complaint as immaterial, impertinent, and scandalous pursuant to Nevada Rules of Civil Procedure 12(f).  (See Ex. J.)  The Nevada State Court ordered Plaintiff to file yet another amended Complaint which omitted the prohibited material.  (See Ex. K.)  The Nevada State Court has liberally given Plaintiff ample opportunities to amend its pleadings to allege each and every claim that may be available to it.

The claims raised herein have been raised in Nevada State court and could have been maintained in such court.  Surely the Plaintiff has had enough bites at the proverbial apple.  Its claims do not raise legitimate causes of action; rather, the Plaintiff is merely trying to invoke the jurisdiction of this forum to litigate the exact same issues in hopes that it will get a more favorable result.  This type of conduct should not be permitted.

## ARGUMENT

## I.   The Court Lacks Diversity-Based Subject Matter Jurisdiction.

Plaintiff alleges that this court, "has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1)," or "diversity" jurisdiction.  (Compl. ¶ 6.)  However, diversity jurisdiction exists only where "(a) the amount in controversy exceeds the sum or value of $75,000, . . . and (b) the action is between citizens of different states."  28 U.S.C. § 1332(a).  Because the pleadings fail to satisfy either requirement, the Complaint must be dismissed.[1]

---

[1]     Because the Complaint brings claims based on Nevada state law, there is no allegation of "federal question" jurisdiction.

4

A.      **Plaintiff Has Failed To Plead Its Partners' Citizenship, and Thus Has Not Adequately Pleaded Jurisdiction.**

Plaintiff previously filed this same suit in this District as No. 13-cv-1232-PAC-CBS on May 8, 2013.  Judge Brimmer ordered Plaintiff, a limited partnership, to plead the citizenship of its members, because "a partnership, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens."  (Order of Dismissal, attached as Ex. L, at 1-2 (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004)).)  Because Plaintiff made no showing of its partners' citizenship, the Court dismissed the complaint without prejudice.  (Id. at 2-3 (citing Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it.").)

In the present Complaint, Plaintiff still has not made any allegation as to the citizenship of its partners.  (Compl. ¶ 1.)  Given Judge Brimmer's due warning to Plaintiff, the Complaint should be dismissed for the same reason with prejudice.

B.      **Even Assuming Plaintiff's Colorado Citizenship, the Parties Are Not Completely Diverse.**

Diversity-based jurisdiction requires a complete diversity of the parties, such that each plaintiff must be diverse from each defendant at the time the complaint was filed.  Ravenswood Invest. Co., L.P. v. Avalon Correctional Servs., 651 F.3d 1219, 1223 (10th Cir. 2011).  Complete diversity must be pleaded affirmatively, on the face of the complaint, "ignoring mere conclusory allegations of jurisdiction."  Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).  For purposes of diversity jurisdiction, an individual party is a citizen of the state in which he or she is domiciled.  Crowley v. Glaze, 710 F.2d 676, 678 (10th

5

Cir. 1983).  Domicile is the combination of physical presence in a location and intent to remain

in a location indefinitely.  <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989).

Here, complete diversity does not exist because both Plaintiff and Defendant Eugene

Seymour are citizens of Colorado.  (Compl., p. 1; Seymour Aff. at  ¶¶ 2-5, attached as <u>Ex. M</u>.)

Mr. Seymour is a domiciliary, and thus citizen, of Colorado, not California.  (*Contra* Compl.

¶ 3).  As is clearly evidenced by his Affidavit, Dr. Seymour lived in Colorado at the time the

Complaint was filed and maintains his primary residence in Colorado.  (Seymour Aff. at  ¶¶ 2-4.)

Additionally, Dr. Seymour intends to remain in Colorado indefinitely.  (<u>Id</u>. at  ¶ 5.)

Because Dr. Seymour's common citizenship with the Plaintiff, a Colorado partnership,

destroys complete diversity in the case, the Court may not exercise jurisdiction over this matter.

<u>See</u> <u>Ravenswood</u>, 651 F.3d at 1223.

## C.    The Complaint Fails To Adequately Plead an Amount in Controversy Exceeding $75,000.

The Plaintiff's Complaint also fails to meet the amount in controversy requirement for

diversity jurisdiction.  Dismissal is justified when it "appear[s] to a legal certainty that the claim

is really for less than" the jurisdictional amount.  <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>,

303 U.S. 283, 288-289 (1938).  Courts measure the amount in controversy "by the value of the

object of the litigation."  <u>Baker v. Sears Holding Corp.</u>, 557 F. Supp. 2d 1208, 1212 (D. Colo.

2007).  The monetary relief requested by the plaintiff, however, is not necessarily the amount in

controversy.  <u>Id</u>.  Plaintiff bears the burden to allege "sufficient facts . . . to convince the district

court that recoverable damages will bear a reasonable relation to the minimum jurisdictional

floor."  <u>Marcus Food Co. v. DiPanfilo</u>, 671 F.3d 1159, 1171 (10th Cir. 2011).

Other than the bare claim for "a sum in excess of $75,000" in its prayer for relief, Plaintiff neither pleads nor supports any allegation asserting its right to damages.  A prayer for relief alone does not satisfy Plaintiff's burden to plead the amount in controversy.  <u>Baker</u>, 557 F. Supp. 2d at 1212.  Plaintiff alleges breach of fiduciary duty, but alleges no facts supporting any damages actually sustained.  For example, Plaintiff never alleges a loss in value in their stock— nor could it, as NanoViricides's stock has *risen* in value since Plaintiff's investment.  Similarly, Plaintiff requests an injunction, but fails to allege facts that show monetary value in controversy.  Plaintiff's self-serving prayer for more than $75,000, without any hint of concrete facts to render such amount plausible, cannot establish jurisdiction.  Cf. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (complaint must plead concrete facts supporting a plausible claim for relief).

## II.      <u>The Court Lacks Personal Jurisdiction over Diwan and NanoViricides</u>.

Defendant Anil Diwan and Nominal Defendant NanoViricides, Inc., are non-residents with no relationship to Colorado.  Because the Court's exercise of personal jurisdiction in such circumstances would be unconstitutional, the Complaint should be dismissed as against at least these defendants.

Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if (1) the defendant has sufficient "minimum contacts" with the forum state, and (2) such an exercise of personal jurisdiction will not offend the traditional notions of fair play and substantial justice.  <u>International Shoe Company v. Washington</u>, 326 U.S. 310, 316, 320 (1945).[2]  Plaintiffs

---

[2]      "Whether a federal court has personal jurisdiction over a non-resident defendant in a diversity action is determined by the law of the forum state." <u>Rambo v. Am. South. Ins. Co.</u>, 839 F.2d 1415, 1416 (10th Cir. 1988).  The Colorado long-arm statute confers personal jurisdiction to the maximum extent permitted under the U.S. Constitution; thus, the statutory inquiry collapses

must plead minimum contacts that support either specific or general jurisdiction.  Monge v. RG

Petro-Machinery Co., 701 F.3d 598, 613 (10th Cir. 2012).  Specific jurisdiction requires that the

defendant have "purposefully directed" his activities at forum residents, and the litigation "'arise

out of or relate to' those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)

(internal quotations omitted).  Otherwise, the plaintiff must plead a defendant's general business

contacts with the forum state.  Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415

(1984).  Such contacts must be "continuous and systematic" to support jurisdiction.  Metro. Life

Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996) (citing Helicopteros, 466 U.S.

at 416).

**A.    The Complaint Does Not Plead Activities Purposefully Directed at Colorado and Giving Rise to the Litigation.**

The Complaint fails to plead facts supporting an exercise of specific jurisdiction, because

neither Dr. Diwan nor NanoViricides "purposely directed" their activities at Colorado.  Specific

jurisdiction is available only where "the defendant purposefully directed its activities at residents

of the forum . . . [and] the plaintiff's claim arises out of . . . 'actions by the defendant himself that

create a substantial connection with the forum state.'"  OMI Holdings, Inc. v. Royal Ins. Co. of

Canada, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing Burger King, 471 U.S. at 472; Asahi Metal

Indus. Co. v. Super. Ct. of Ca., 480 U.S. 102, 109 (1987)).  In such case, the Court must proceed

to "consider whether the exercise of personal jurisdiction over the defendant offends 'traditional

notions of fair play and substantial justice.'"  Benton v. Cameco Corp., 375 F.3d 1070, 1075-76

---

into the constitutional inquiry required by the Due Process Clause of the Fourteenth Amendment.
Dudnikov v. Chalk & Vermillion Fine Arts, 514 F.3d 1063, 1070 (10th Cir. 2008).

8

(10th Cir. 2004) (*citing* OMI Holdings, 149 F.3d at 1096).  The "touchstone" of the analysis is "whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id. at 1078 (*citing* World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297 (1980)).

Plaintiff has failed to allege that Dr. Diwan and NanoViricides have any contacts with Colorado.  The allegations in the Complaint pertain to corporate mismanagement, the failure to deliver documents required by Nevada law, and breaches of fiduciary duty.  Nowhere does the Plaintiff allege that any tortious act or omission performed in Colorado.  No alleged conduct or omission took place in Colorado.  NanoViricides was organized and incorporated pursuant to the laws of Nevada, not Colorado.  No business or corporate governance practices of NanoViricides take place in Colorado.  (See Diwan Aff. at ¶¶ 7-10, attached as Ex. N.)

As stated in Mr. Diwan's affidavit, NanoViricides does not conduct business, provide any services, or engage in any negotiation or other conduct whatsoever in Colorado.  (Diwan Aff. at ¶ 9.)  Nor does Defendant Diwan personally engage in any conduct in Colorado.  (Diwan Aff. at ¶ 5.)  Thus, Mr. Diwan and NanoViricides do not have the minimum contacts with Colorado such that either defendant "should [have] reasonably anticipate[d] being haled into court" in Colorado.  Benton, 375 F.3d at 1078.

The second question, "whether the exercise of personal jurisdiction over the defendants offends traditional notices of fair play and substantial justice," Benton, 375 F.3d at 1075-76, also favors dismissal.  The present suit concerns the management of a Nevada corporation under the laws of Nevada, and duplicates state litigation pending or already resolved in Nevada.  As such, the five factors articulated in World-Wide Volkswagen, 444 U.S. at 292, weigh against exercise

9

of jurisdiction.  Conducting this litigation here burdens non-resident defendants and a forum with minimal interest in enforcing Nevada's laws, while the most efficient resolution of the matter is already proceeding in Nevada.  See id.  It is only plaintiff's convenience that favors proceeding in Colorado—a convenience it already waived by bringing the Nevada Actions.

**B.**     **The Complaint Does Not Plead "Continuous and Systematic General Business Contacts" Supporting General Jurisdiction.**

Because Mr. Diwan and NanoViricides have no general business contacts with Colorado, general jurisdiction is improper.  Courts analyze four areas in deciding whether a defendant had "continuous and systematic" business contacts with the forum state, including: "(1) Whether [the defendant] solicits business in [the forum state] through a local office or agents; (2) whether [the defendant] sends agents into [the forum state] on a regular basis to solicit business; (3) the extent [the defendant] holds itself out as doing business in [the forum state] through advertisements, listings or bank accounts and (4) the volume of business [the defendant] conducts in [the forum state.]"  Doering v. Copper Mountain, Inc., 259 F.3d 1202, 1210 (10th Cir. 2001).

In this case, Plaintiff cannot meet this "more stringent" test because neither Mr. Diwan nor NanoViricides have any activities or presence in Colorado.  Mr. Diwan and NanoViricides did not (1) solicit business in Colorado through a local office; (2) send agents into Colorado on a regular basis to solicit business; (3) hold themselves out as doing business in Colorado through advertisings, listings, or bank accounts; or (4) conduct any business in Colorado.  (Diwan Aff. at ¶ 9.)  Indeed, the business of both Defendants is conducted almost exclusively in Connecticut with the exception of limited travel, such travel not including activities in Colorado.  (Id.)  Thus, the exercise of general personal jurisdiction over either Defendant is improper.  Benton, 375 F.3d

10

at 1081.

### III.   The Complaint Should Be Dismissed Because Venue Is Improper.

Where, as here, the Defendants reside in different states, the action must be brought in the district where "a substantial part of the events or omissions giving rise to the claim occurred," or in a "district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391.  For a corporate defendant such as NanoViricides, its residence is in "any judicial district in which [it] is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  Plaintiff has the burden of establishing that venue is proper in this District.  Nagim v. Jackson, No. 10-00328, 2010 WL 4318896, at *2 (D. Colo. Aug. 10, 2010).  However, the events or omissions giving rise to Plaintiff's claims did not occur in Colorado; and there is another venue, the District of Nevada, where the action might be brought.  Therefore, venue in the District of Colorado is improper.

### A.   None of the Relevant Events or Omissions Occurred in Colorado.

"[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the 'focus is on relevant activities of the defendant, not of the plaintiff."  Goff v. Hackett Stone Co., No. 98–7137, 1999 WL 397409, at *1 (10th Cir. June 17, 1999) (unpublished) (citing Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995)).  Here, the matters described in the Complaint concern laws which are specific to Nevada, not Colorado, and alleged actions and omissions which in no way occurred or arose in Colorado.  Thus, venue is improper in the District of Colorado.

11

**B.      There Are Other Districts in which this Case Could Have, and Should Have, Been Brought.**

Venue in this District is improper under 28 U.S.C. § 1391(b)(3), because there are more appropriate venues in which this case should have been brought.  For example, the claims could have been brought in the District of Nevada, the state in which NanoViricides was incorporated, and where the court would be more familiar with Nevada state law.  Prior to the dismissal of the case in the Nevada Action as to the individual directors, the Nevada State Court offered Plaintiff the opportunity to amend its pleading in a manner which would have given the court jurisdiction over the individuals, but the Plaintiff refused to do so, and proceeded with this action.  The case could also have been brought in Connecticut, the place in which the Defendants do business, and where all offices and records of the Defendants are located.  There is little doubt that Connecticut would have had personal jurisdiction over all Defendants and be proper under § 1391(b)(2).

**IV.      The Complaint Should Be Dismissed or Stayed under the *Colorado River* Doctrine Given the Parallel Proceedings in Nevada State Court.**

The Colorado River Doctrine addresses when the District Court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding.  Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817-18 (1976).  The U.S. Supreme Court held that a federal court may abstain from exercising jurisdiction in order to avoid "the contemporaneous exercise of concurrent jurisdictions" when parallel litigations are pending before both "state and federal courts."  Id. at 817.  Under the current test, courts will consider six factors:

> (1) the assumption of jurisdiction over a res;
> (2) the inconvenience of the forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which the actions were filed;
> (5) the law that provides the rule of jurisdiction; and

12

(6) protection of the federal plaintiff's rights.

Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23-26 (1983).  No one factor

is decisive, as the test requires a careful balancing given the facts of the case.  Id.  As a threshold

matter, the Court must first determine whether the state court action and federal court actions are

parallel.  Allen v. Board of Educ. Unified Sch. Dist., 68 F.3d 401, 403 (10th Cir. 1995).  A court

may employ the Colorado River Doctrine by either dismissing the duplicative action, or ordering

a stay of proceedings in the action pending resolution of the state action.  Watson v. Mayo, No.

07-cv-54, 2008 WL 538442, at *3 (S.D.N.Y. Feb. 26, 2008); Bagdan v. Sony Corp. of America,

767 F. Supp. 81, 82 (D. Vt. 1991).

     **A.**     **This Action and the Nevada Action Are Parallel.**

Suits are parallel if "substantially the same parties litigate substantially the same issues in

different forums."  Allen, 68 F.3d at 403.  If "the suits involve the same parties, arise out of the

same facts and raise similar factual and legal issues," they are sufficiently parallel for a Colorado

River analysis.  See Tyrer v. City of South Beloit, 456 F.3d 744, 752 (7th Cir. 2006).

This lawsuit involves exactly the same parties as did the Nevada Actions.  Though the

Third Amended Complaint in the Second Action has been limited (due to dismissal by that court

of the others) to a single cause of action, the original and each subsequent complaint named Anil

Diwan and Eugene Seymour as Defendants and NanoViricides, Inc. as a Nominal Defendant in

their captions.  (See Ex. A; Ex. B; Ex. E; Ex. G, and Ex. J.)  This action and the Nevada Actions

arise out of the same facts and raise nearly identical legal and factual issues.  The complaints in

the Nevada Actions contained nearly all of the allegations and causes of action asserted in this

13

action.  The near identity of these actions suggest forum-shopping and support a <u>Colorado River</u> analysis.

      **B.**    <u>**Because this Action Is Almost Entirely Duplicative of the Nevada**</u>
                  <u>**Proceedings, the *Colorado River* Factors Favor Dismissal.**</u>

      "[B]ecause a federal court's duty to exercise jurisdiction is *not absolute*, federal courts have the power to refrain from hearing specific cases, including, inter alia, certain cases 'which are duplicative of pending state court proceedings.'"  <u>Shallal v. Elson</u>, No. 98-8739-CIV, 1999 WL 33957906 at *2 (S.D. Fla. Apr. 12, 1999) (emphasis in original).  This suit's duplicative nature moves the <u>Colorado River</u> Doctrine's six factors in favor of abstention.

      The first factor mentioned above is not applicable, as there is no res involved in this case. The second factor, the inconvenience of a federal forum, favors abstention, as it is inconvenient to litigate in a federal forum state court issues which are being litigated in state court.  The third factor, the desirability to avoid piecemeal litigation, favors abstention for the same reason; all of the claims made in this case could have been and were made in Nevada state court.  Jurisdiction was obviously obtained first by the state courts; therefore, the fourth factor, filing order, weighs in favor of abstention.  The fifth factor also favors abstention because state law is the controlling substantive law in this matter.  The sixth factor also militates strongly in favor of abstention. State law can protect the rights of all parties to this suit.  Indeed, it is entirely sensible and logical that the corporate governance of a Nevada corporation should be determined under the laws of Nevada and by the courts of Nevada.

      Although not utilized by the Supreme Court, federal courts have noted a seventh favor, discussed in <u>Moses H. Cone Memorial Hospital</u>:  the vexatious or reactive nature of the federal

14

suit.  460 U.S. at 17 n.20; see, e.g., Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d

529, 534 (1st Cir. 1991) (district court did not abuse its discretion when considering the reactive

nature of the federal claim).  The Ninth Circuit has also appropriately added an eighth factor to

consider:  forum-shopping.  Am. Int'l Underwriters v. Continental Ins. Co., 843 F.2d 1253, 1259

(9th Cir. 1988); Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002).  Other factors mentioned

by courts are (9) the relative progress of the state and federal proceedings and (10) the presence

or absence of concurrent jurisdiction.  Oakland County Employee's Ret. System v. Massaro, 702

F. Supp. 2d 1012 (N.D. Ill. 2010).

      These additional factors favor abstention as well.  It should be clear that the Plaintiff, in

filing this action, is taking its campaign to another, improper forum in the hope that it will obtain

more favorable results than in the Nevada state court.  The ninth factor, the relative progress of

the state and federal litigation, weighs strongly in defendants' favor as well.  Indeed, this action

has been litigated in Nevada state court for more than a year and a half and there is nothing to be

gained by re-litigating such state court issues in federal court.

      Pursuant to the above, the Plaintiff should not be permitted to litigate their claims over

again in this forum.   The Court should, pursuant to the Colorado River Doctrine and in the

interests of justice and judicial resources, put an end to Plaintiff's unwarranted and malicious

actions by dismissing this lawsuit in its entirety.

## CONCLUSION

      For all of the foregoing reasons, this Court should enter an order dismissing the

Complaint in its entirety with prejudice.

      Dated this 15th day of November, 2013.

SHERMAN & HOWARD L.L.C.

*Original signature on file at offices of Sherman & Howard L.L.C.*

By */s/ Tamir Goldstein*
      Tamir Goldstein
633 Seventeenth Street, Suite 3000
Denver, CO  80202
(303) 299-8410
(303) 298-0940 (FAX)
tgoldstein@shermanhoward.com

Attorneys for Defendants Anil Diwan and Eugene Seymour, and Nominal Defendant Nanoviricides, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Lindsey Parlin, Esq.
      Marsh, Parlin & Associates, LLP
      P. O. Box 1977
      Leadville, CO 80461
      *Attorney for Plaintiff*

      */s/ Linda Erickson*

16