# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01777-RM-BNB

YIDAM, LTD., a Colorado partnership,

        Plaintiff,

v.

ANIL DIWAN, an individual residing in the State of Connecticut, individually, and in his Capacity as an officer of the Nominal Defendant; and EUGENE SEYMOUR, an individual residing in the State of Colorado, individually and in his capacity as an officer of the Nominal Defendant,

        Defendants/Counter-Plaintiffs,

NANOVIRICIDES, INC., a Nevada corporation,

        Nominal Defendant.

---

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

---

Nominal Defendant Nanoviricides, Inc. ("NanoViricides") and individual Defendants Anil Diwan and Eugene Seymour (together, "Defendants"), submit this Reply in support of their Motion to Dismiss (Dkt. No. 17).  For the reasons stated below and more fully stated in the Defendants' Motion to Dismiss ("Mot."), this Court should dismiss the Plaintiff's Complaint in its entirety with prejudice.

**ARGUMENT**

I. **The Complaint Fails To Plead Adequate Facts Establishing Subject Matter Jurisdiction.**

 A. **The Complaint Fails to Plead Specific Facts Supporting the Citizenship of its Members, as Previously Ordered.**

  Plaintiff has failed to adequately plead the citizenship of its members, as required to show subject matter jurisdiction. <u>U.S. Advisor, LLC v. Berkshire Property Advisors, LLC</u>, No. 09-697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009). As stated in Defendants' Motion to Dismiss, Judge Brimmer ordered Plaintiff, a limited partnership, to plead the citizenship of its members, because "a partnership, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens." (<u>Order of Dismissal</u>, attached as <u>Ex. A</u>, at 1-2 (citing <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 569 (2004)).) Judge Brimmer found that "Congress has not created an exception that would permit members of partnerships to remain anonymous in federal Court and thus that unincorporated entities *have to choose between maintaining their members' anonymity and having their cases heard in federal court.*" (<u>Id.</u> at 2 (citing <u>U.S. Advisor, LLC v. Berkshire Property Advisors, LLC</u>, 2009 WL 2055206 (D. Colo. July 10, 2009); <u>Karden v. Arkoma Assocs.</u>, 494 U.S. 185, 196 (1990)) (emphasis added).

  Plaintiff claims that, by making a blanket statement that each of its partners are Colorado residents, it has met this requirement. Plaintiff has, however, failed to plead its members' identities or addresses, or otherwise allege any facts supporting this assertion. <u>See</u> <u>Gypsum Storage Dev., LLC v. W. Reed Edgel & Assocs., Inc.</u>, No. 10-2760, 2010 WL 4739948, at *1-2 (D. Colo. Nov. 15, 2010) (dismissing for lack of subject matter jurisdiction where plaintiff failed to allege specific facts supporting its assertion of its members' citizenship, including their identities) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). In order to establish jurisdiction

in this forum, Plaintiff must disclose the identities of its members and their residency.  Plaintiff

has again declined to do so.  Accordingly, the Complaint must be dismissed.  Because Plaintiff

was fully aware of its pleading deficiencies after Judge Brimmer's order, and chose not to correct

them, the Complaint should be dismissed with prejudice.

> **B.**    **The Parties Are Not Completely Diverse.**

This Court does not have subject matter jurisdiction since there lacks a complete diversity

of citizenship.  Dr. Eugene Seymour is, and has been for the last 25 years, a resident of the state

of Colorado.  (In addition to the affidavit submitted with the Defendants' Motion to Dismiss, the

Defendants have attached Dr. Seymour's Colorado voter registration card as Ex. B, which

indicates that Dr. Seymour has been registered to vote in Colorado since 1998, well before the

initiation of this lawsuit).[1]  Plaintiff has asserted that it, too, is a Colorado resident.  (Compl.,

p. 1.)  Since both Defendant Seymour and Plaintiff are Colorado residents, this Court cannot

maintain diversity jurisdiction.  See Ravenswood Investment Company, L.P. v. Avalon

Correctional Services, 651 F.3d 1219, 1223 (10th Cir. 2011).  Indeed, Plaintiff has admitted this

stating that Defendant Seymour being a Colorado resident "would, of course, be the destruction

of diversity jurisdiction in these proceedings." (See Plaintiff's Opposition to Motion to Dismiss

[Dkt. No. 23] ("Opp."), at 7.)

Plaintiff's argument that the Defendants have admitted that Defendant Seymour is a

California resident in previous filings (Opp. at 5-6) is baseless; any "references" made to

---

[1] Plaintiff's attached myriad of exhibits purporting to show Defendant Seymour's residence are entirely irrelevant in this matter.  In fact, a number of the exhibits provided include properties owned by third-parties, not by Defendant Seymour.  Moreover, even if Defendant Seymour did own properties in a state other than Colorado, he is not automatically considered a resident of such state for purposes of diversity jurisdiction.  See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (defining domicile as physical presence and intent to remain indefinitely).  Having a property interest in a particular state does not, on its own, make one a resident of such state.

Defendant Seymour's residency were limited to the captions of these filings, which were copied from the Complaint caption in the customary fashion. This does not equate to any admission on the part of Defendants. As his affidavit and voter registration card indicate, Defendant Seymour has been a Colorado resident for more than 25 years, and registered to vote in this state for more than 15 years.

Plaintiff's asserted entitlement to discovery on Defendant Seymour's residence is also baseless. Plaintiff states, citing to Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354-55 (1978), that "Courts have permitted limited discovery predicated upon an asserted lack of diversity." (Opp. at 8.) The Oppenheimer Funds case, however, has nothing to do with diversity jurisdiction, but rather service upon members of a class in a class action suit pursuant to Federal Rule of Civil Procedure 23. If Plaintiff believed it was entitled to jurisdictional discovery, which Defendants contend it is not, Plaintiff should have made a timely motion requesting such discovery and citing applicable law in support. Grynberg v. Ivanhoe Energy, Inc., 666 F. Supp. 2d 1218, 1228 (D. Colo. 2009) (denying motion for jurisdictional discovery made after briefing on motion to dismiss, and seeking irrelevant information), aff'd 490 Fed. App'x 86 (10th Cir. 2012). Plaintiff has failed to do any such thing.

The Complaint should therefore be dismissed in its entirety with prejudice.

**C.     The Complaint Does Not Plead a Plausible Amount in Controversy of at least $75,000.**

Despite Plaintiff's conclusory allegations, the claims made in this matter cannot plausibly be found to meet the $75,000 amount in controversy requirement for diversity jurisdiction. "The 'amount in controversy' is measured by the value of the object of the litigation," and not necessarily the monetary relief requested by the plaintiff. Baker v. Sears Holding Corp., 557

F.Supp.2d 1208, 1212-13 (D. Colo. 2007).   Under <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-289 (1938), "a plaintiff's allegations of damages that meet the amount-in-controversy requirement suffices [only] unless questioned by the opposing party or the court." <u>Spielman v. Genzyme Corp.</u>, 251 F. 3d 1, 5 (1st Cir. 2001).   Once a defendant questions jurisdiction by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that the claims plausibly amount to the amount in controversy alleged in the Complaint.  <u>Id.</u> at 4; <u>Barrett v. Lombardi</u>, 239 F 3d 23, 30-31 (1st Cir. 2001) (emphasis added).

In their Motion to Dismiss, Defendants challenged the amount of damages alleged in the Complaint, but Plaintiff's Opposition fails to meet its burden of showing the plausibility of the amounts claimed.  Plaintiff has simply restated the outlandish and unsupported allegations in the Complaint.  Since Plaintiff has not met its burden, no amount in controversy in excess of $75,000 has been established and jurisdiction cannot be maintained.

## II.     **The Court Lacks Personal Jurisdiction over NanoViricides, Inc. or Anil Diwan since They Do Not Have Sufficient Minimum Contacts with Colorado.**

Although Plaintiff restated in its Opposition an abridged rendering of the law regarding personal jurisdiction, Plaintiff has failed to apply the facts of this matter to such law in any way which would demonstrate that this Court has jurisdiction over either Defendant Diwan or NanoViricides or to establish that exercising such jurisdiction would comport with the due process requirement of the Fourteenth Amendment.  Instead, Plaintiff has attempted to establish jurisdiction by alleging that the ***Plaintiff, not the Defendant,*** has performed certain acts in Colorado.  Plaintiff's only assertions attempting to establish jurisdiction are (1) that "Plaintiff "directly facilitated $2,250,000 in equity investment in NanoViricides;" (2) that "Plaintiff and its close associates funded" certain activities of NanoViricides; and (3) that NanoViricides "entered

into an agreement with USAMRID [sic]." (Opp. at 11-12.) These allegations relate only to Plaintiff's actions in Colorado and NanoViricides' relationship with a U.S. government agency located in Maryland, and have nothing to do with the Defendants' activities in the state or any other basis for establishing jurisdiction over Defendants Diwan and NanoViricides.

This Court has explicitly stated that a Plaintiff's allegations that a Defendant received funds from Colorado or that such Defendant approved investors who were from Colorado were *not* sufficient allegations to establish minimum contacts or purposeful availment for purposes of personal jurisdiction. Touchtone Group, LLC v. Rink, 913 F.Supp.2d 1063, 1075 (D. Colo. 2012). The Court found that such allegations plead "passive event[s] triggered by a third party that cannot give rise to personal jurisdiction." Id.

As briefed more fully in the Defendants' Motion to Dismiss, Defendants Diwan and NanoViricides, Inc. have absolutely no contacts with Colorado. Because Plaintiff's argument and the Complaint's allegations are insufficient, on their face, to establish personal jurisdiction over Defendants Diwan or NanoViricides, Inc., this Court must dismiss the Complaint in its entirety as to such Defendants.

**III.    Plaintiff Makes No Coherent Argument for the Propriety of Venue in this District.**

As briefed in detail in the Defendants' Motion to Dismiss, venue in this forum is improper, because none of the relevant events or omissions occurred in Colorado, and there is a more proper forum in Nevada where venue may lie. (Mot. at 11-12.) Plaintiff's opposing 'argument' on this issue appears to conflate jurisdiction and venue, reasoning that because a corporation's residence is deemed to be "any judicial district in which [it] is subject to personal jurisdiction," 28 U.S.C. § 1391(c), a successful argument for NanoViricides's personal jurisdiction "moots" the venue question. (Opp. at 14.) This is clearly wrong. Residence does

LITIGATION/4064024.2

not establish venue by itself; under §§ 1391(b)(1) or (b)(3), a defendant's residence in the district supports venue only if (1) all the defendants reside in the district, or (2) no other district is a proper venue.  Neither situation applies here:  the Individual Defendants do not "reside" in Colorado—if they did, of course, this would itself destroy diversity jurisdiction—and the District of Nevada is a proper forum.  In any case, NanoViricides is not subject to personal jurisdiction in this district.  <u>See</u> Part II.

**IV.**    **The *Colorado River* Abstention Doctrine Applies and Should Be Exercised in this Matter.**

Much like its argument as to venue, Plaintiff has made no credible or coherent argument that the <u>Colorado River</u> abstention doctrine should not prompt dismissal or stay in this instance. As the Defendants have briefed in their Motion to Dismiss, all of the factors of the <u>Colorado River</u> analysis weigh in favor of abstention in this matter.

In support of its argument, Plaintiff cites only <u>Standing Rock Housing Authority v. Tri-County State Bank, Inc.</u>, 700 F. Supp. 1544 (D.S.D. 1988), for the proposition that the <u>Colorado River</u> doctrine must be applied in a pragmatic and flexible manner.  Plaintiff fails, however, to apply this point of law to the case at hand.  Rather, Plaintiff simply cites the proposition and makes the self-serving statement that the Court must therefore exercise jurisdiction over the matter.  Indeed, in line with <u>Standing Rock</u> and as explained in the Defendants' Motion to Dismiss, the most pragmatic, flexible, and judicially prudent action to be taken in this case would be dismissal or abstention.

Additionally, Plaintiff has attempted to convolute the issues in this matter by stating that NanoViricides, Inc., a Nevada Corporation, "was, and is, a Colorado Corporation," based on their theory that NanoViricides is subject to personal jurisdiction in Colorado.  (Opp. at 15.)

Such an equivalence is nothing short of absurd—even if NanoViricides were subject to personal jurisdiction in Colorado (and it is not), that would not make it incorporated in Colorado. Defendants are unclear as to the relevance of this assertion in relation to the Colorado River analysis, but it certainly conflicts with Plaintiff's Complaint.  (See Compl. ¶ 3.)  Plaintiff has therefore failed to mount any cogent argument against abstention.

## CONCLUSION

For all of the foregoing reasons, this Court should enter an order dismissing the Complaint in its entirety with prejudice.


Dated: January 13, 2014

                                    SHERMAN & HOWARD L.L.C.

                                    *Original signature on file at offices of Sherman & Howard L.L.C.*

                                    By: /s/ Tamir I. Goldstein
                                         Tamir I. Goldstein
                                    633 Seventeenth Street, Suite 3000
                                    Denver, CO 80202
                                    (303) 299-8410
                                    (303) 298-0940 (FAX)
                                    tgoldstein@shermanhoward.com

                                    *Attorneys for Defendants Anil Diwan and Eugene Seymour, and Nominal Defendant NanoViricides, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Lindsey Parlin, Esq.
Marsh, Parlin & Associates, LLP
P. O. Box 1977
Leadville, CO 80461
*Attorney for Plaintiff*

*/s/ Linda Erickson*

LITIGATION/4064024.2